UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MARCUS TELESFORD
              Plaintiff,

      v.

JAMES ESGROW, et al.,
              Defendants.

DECISION AND ORDER
15-CV-6191

---

## Factual Background

Pro se plaintiff Marcus Telesford (hereinafter "Telesford" or "Plaintiff") brings this 42 U.S.C. § 1983 action against defendants James Esgrow, Commissioner Hearing Officer; Paul Chappius, Superintendent at Elmira Correctional Facility; and Albert Prack, Director of Special Housing Unit, for deprivation of his right to due process, and for cruel and unusual punishment. The lawsuit stems from a random cell search that was performed in cell B-9-2 at Southport Correctional Facility on April 27, 2013 by Corrections Officer (C.O.) Tillinghast. See Complaint (Docket # 1) at 2. The cell searched belonged to inmate Anthony Johnson. During the search, a letter was found that Tillinghast determined to be contraband gang material. Id. On April 30, 2013, Tillinghast wrote Telesford a misbehavior report alleging that he wrote the contraband letter. Id. Tillinghast made this determination after comparing the

1

plaintiff's handwriting with the handwriting on the contraband letter.

Plaintiff met with a tier assistant regarding the misbehavior report on May 1, 2013, and he requested certain documents for preparation for his tier III hearing. However he was soon thereafter transferred to Elmira Correctional Facility. Id. at 3. A tier III disciplinary hearing commenced on May 28, 2013 at Elmira Correctional Facility. Plaintiff alleges that Hearing Officer James Esgrow deprived him of the opportunity to have a hearing assistant, did not provide him with requested evidence, and went off of the record to have conversations with unidentified staff members during the hearing. Id. at 3-5.

During the hearing, inmate Johnson testified that the contraband letter was found in his cell, but that plaintiff did not write the document, did not give the document to him and "had nothing to do with those documents." See Hearing Transcript, Exhibit "C" attached to Declaration (Docket # 27) at 12. Hearing Officer Esgrow told plaintiff that he would examine plaintiff's handwriting and make his own determination as to whether plaintiff was the author of the contraband letter. Id. at 20. At the conclusion of the hearing, plaintiff was found guilty and sentenced to eighteen (18) months in the special housing unit, which plaintiff claims was cruel and unusual

2

punishment that caused him atypical and significant hardship. Id. at 53.

In his instant motion dated February 15, 2016, plaintiff seeks to compel defendants to produce certain documents. (Docket # 28). Plaintiff requested that a hearing be held on the instant motion, and that motion is hereby **denied**. (Docket # 30). Defendants, through their attorney, filed a Response on March 4, 2016. (Docket # 27).

## Discussion

Telesford mailed three sets of interrogatories, intended for each of the three defendants, to counsel for the defendants, Mr. Levine, on October 5, 12 and 19, 2015. See Exhibit 1 attached to Motion to Compel (Docket # 28). Mr. Levine received the interrogatories, and both parties agreed that responses would be due on November 19, 2015. See Levine Declaration (Docket # 27) at 1; see also Exhibit "A" attached to Declaration (Docket # 27). On November 19, 2015, Mr. Levine did not have the necessary signatures and notaries for all three of the interrogatories. See Levine Declaration (Docket # 27) at 1-2. He did file the responses and sent copies to plaintiff (Docket # 18), and promised to follow up with fully signed interrogatories. These were not filed, however, until February 19, 2016. (Docket ## 25, 26). Telesford argues that

3

defendants' failure to timely object to his interrogatories and requests for documents within thirty days should count as a waiver of their objections. See Motion to Compel (Docket # 28) at 4-5; Fed. R. Civ. P. 33(b)(2). Mr. Levine contends that he sent the interrogatory and document production responses within the proper time, and that his delay in sending the fully signed responses was an oversight on his part due to vacation and busy schedules, but was not in bad faith. See Levine Declaration (Docket # 27) at 1-2. In addition, Mr. Levine notes that both parties were present at a status conference before the Court on January 5, 2016, and that plaintiff failed to mention at that time that he had not received the signed interrogatory responses. Id.

Plaintiff's motion to find that defendants' waived any objections to his interrogatories is **denied**. While Mr. Levine failed to timely file signed interrogatory responses, plaintiff did receive the responses themselves in a timely fashion, and has not indicated any instance of prejudice he suffered by not seeing the signatures and notarization on November 19, 2015. See In re American Exp. Financial Advisors Securities Litigation, 672 F.3d 113, 129-30 (2d Cir. 2011) (applying the "Pioneer" factors of excusable negligence under Fed. R. Civ. P. 6, including (1) danger of prejudice; (2) length of delay and potential impact on judicial proceedings; (3) reason for delay;

4

and (4) whether parties acted in good faith) (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)).

Plaintiff also seeks to compel information and documents that were objected to in defendants' responses.

Defendant James Esgrow:  Defendant James Esgrow presided over plaintiff's tier III hearing at Elmira Correctional Facility as Hearing Officer.  See Hearing Transcript, Exhibit "C" attached to Declaration (Docket # 27).  Plaintiff claims that Esgrow denied him due process during the hearing by receiving information from another corrections officer off of the record, and then prohibiting plaintiff from asking that individual questions or from discovering who that individual was.  See Motion to Compel (Docket # 28) at 5-8.  In plaintiff's first demand, he seeks the name of the corrections officer Esgrow spoke to "off the record" during the hearing regarding a sample of inmate Johnson's handwriting.[1]  In his second demand, plaintiff asks for the document that was used as a sample of

---

[1] The hearing transcript reveals that defendant Esgrow did converse with *someone* regarding the handwriting sample of inmate Johnson, and that plaintiff asked for the identity of that person and to be able to ask that person questions.  Plaintiff's request was denied.  See Hearing Transcript, Exhibit "C" attached to Declaration (Docket # 27) at 36-39 ("Hearing Officer: I tried to [] make an inquiry about additional handwriting samples for Mr. Johnson and I was told that the handwriting on this form, the printing on this form, in addition to his signature, is actually printing by Mr. Johnson.").

5

inmate Johnson's handwriting. <u>Id.</u> Plaintiff states that these items of evidence are necessary because both the statements of the individual and the handwriting sample were used as a basis to find plaintiff guilty, and they were not made a part of the hearing record. <u>Id.</u>

Defendant Esgrow has responded that he "do[es] not recall" who it was that he spoke with during the hearing regarding the handwriting sample. <u>See</u> Defendant Esgrow's Response, Exhibit 2 attached to Motion to Compel (Docket # 28) at 1. With regards to the actual writing sample, defense counsel states that "it is unknown what specific document was reviewed" by defendant Esgrow. <u>See</u> Declaration (Docket # 27) at 4.

The Court disagrees with the defendants' claim that the requested documents are irrelevant. The requested items were all relevant to the disciplinary hearing and Esgrow's consideration of them, or lack of consideration, would clearly be relevant to the fairness of the hearing and whether plaintiff received due process. Nevertheless, Esgrow has submitted sworn interrogatory responses averring that he does not recall who he spoke to about inmate Johnson's handwriting samples and is unable to identify what samples were reviewed in determining plaintiff's guilt on the disciplinary charges. Absent evidence that Escrow is deliberately concealing from plaintiff and the Court information and documents relevant to this lawsuit, the

6

Court cannot order Esgrow to remember what he alleges he no longer recalls.

<u>Hearing Officer's Guide</u>: Plaintiff also demanded a copy of The Hearing Officer's Guide to Superintendent's Hearing by Larry D. Bates. <u>See</u> Motion to Compel (Docket # 28) at 8. Defense Counsel sent plaintiff a letter with a copy of the table of contents of the requested manual asking specifically which sections plaintiff wanted. <u>See</u> Exhibit "D" attached to Declaration (Docket # 27). While counsel objects to the production of the manual, he has stated he is willing to copy off relevant sections of the manual and provide them to plaintiff.

I need not decide whether the manual is relevant because defense counsel has agreed to consider providing to plaintiff copies of particular sections once plaintiff has identified which he wants. To accelerate the disclosure process, the Court has reviewed the Table of Contents and finds pages 3-14, 20-32 and 53[2] relevant to plaintiff's claims. Unless defense counsel can make a showing that disclosure of these pages would harm or impede effective prison administration, the Court directs that these pages be provided to plaintiff.

---

[2] Material concerning "Victim Witness" on page 53 need not be disclosed.

7

<u>Defendant Paul Chappius</u>: Plaintiff seeks two documents from defendant Chappius. First, as per interrogatory questions ## 18, 19, 20, and 21, plaintiff seeks a misbehavior report, tier III hearing transcript, and case disposition of inmate Johnson. <u>See</u> Motion to Compel (Docket # 28) at 8-12. Plaintiff believes that inmate Johnson pled guilty to the charges before plaintiff's hearing even commenced, and that this information was purposely withheld from plaintiff at his own hearing. <u>Id.</u> Defendants contend that the information regarding inmate Johnson is beyond the scope of this due process lawsuit. <u>See</u> Declaration (Docket # 27) at 4-5.

Plaintiff has failed to show how the disciplinary proceedings that took place with inmate Johnson are relevant to the due process he received at his own hearing, especially since inmate Johnson testified at plaintiff's disciplinary hearing. Plaintiff is aware that the contraband was found in inmate Johnson's cell, and he was also told that Johnson was found guilty for having the contraband. <u>See</u> Hearing Transcript, Exhibit "C" attached to Declaration (Docket # 27) at 13. The claims against plaintiff and Johnson are not mutually exclusive -- it is plausible that both Johnson and plaintiff could have been found guilty for the single contraband letter without violating due process. Therefore, this discovery demand is **denied**.

8

Plaintiff also demands a copy of "the email Hearing Officer James Esgrow sent to C.O. Tallyhast [sic] before he testified at plaintiff['s] hearing for the second time." Motion to Compel (Docket # 28) at 13-14. Plaintiff believes that defendant Esgrow told Tillinghast to change his testimony between his first and second interviews. Id. This demand is **denied**. The only reference to correspondence between hearing officer Esgrow and C.O. Tillinghast in the record involves Esgrow stating that he faxed a photocopy of the contraband letter that is at issue in this case. See Hearing Transcript, Exhibit "C" attached to Declaration (Docket # 27) at 27. This is the same letter that Tillinghast found in inmate Johnson's cell, and is the same letter that is already attached to multiple documents that are on the record.

<u>Defendant Albert Prack</u>: Plaintiff's interrogatories for defendant Prack also relate to whether Prack reviewed inmate Johnson's hearing and misbehavior reports. These requests are **denied** as facts concerning Johnson's hearing are not relevant to whether plaintiff received due process.

## Conclusion

Plaintiff's motion for the Court to conduct a hearing on his motion to compel (Docket # 30) is **denied**. Plaintiff's motion to compel (Docket # 28) is **denied in part and granted in**

9

**part.** Defendants are directed to comply with this Decision and Order within **thirty (30) days**. Defendants may now move forward with their previously scheduled depositions of plaintiff. Fact discovery shall be completed no later than **September 16, 2016**. Dispositive motions shall be filed no later than **November 4, 2016**.

    SO ORDERED.

                                      _____
                                      JONATHAN W. FELDMAN
                                      UNITED STATES MAGISTRATE JUDGE

Dated: June 29, 2016
       Rochester, New York